IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0369
════════════
 
In Re Jack Jorden, M.D. et al., Relators
 
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
 
Argued September 
26, 2007
 
 
Justice O’Neill, concurring.
 
            
The Court concludes that, until an expert report is filed, discovery 
concerning a potential health care liability claim against a provider is limited 
to that prescribed in section 74.351(s) of the Civil Practice and Remedies Code, 
which does not include Rule 202 presuit depositions. 
See Tex. Civ. Prac. & Rem. Code § 
74.351(s). I agree, and fully join the Court’s opinion. I 
write separately, though, to emphasize that while the Legislature’s purpose in 
enacting Chapter 74 was to decrease costs associated with meritless claims, it 
sought to do so “in a manner that will not unduly restrict a claimant’s rights 
any more than necessary to deal with the crisis.” Act of June 1, 2003, 78th 
Leg., R.S., ch. 204, § 10.11(b)(3), 2003 Tex. Gen. Law 847, 884. Accordingly, if the 
discovery methods that section 74.351(s) allows are fully and effectively 
utilized but fail to yield information necessary to assess the merits of the 
potential claim, e.g., the medical records are lost or indecipherable and 
responses to written questions are unenlightening or evasive, I would leave some 
discretion in the trial court to allow discovery under Rule 202 if “a failure . 
. . of justice in [the] anticipated suit” would otherwise result. Tex. R. Civ. P. 202. Because, in this 
case, the potential claimant has not availed himself of the discovery tools that 
the rules concerning health care liability claims allow, I agree with the Court 
that the presuit depositions he seeks are prohibited. 

 
 
            
            
            
            
            
            
___________________________________
            
            
            
            
            
            
Harriet O’Neill
            
            
            
            
            
            
Justice
 
OPINION DELIVERED: March 28, 
2008